Argued October 3, affirmed October 7, petition for rehearing
denied December 13, 1966

KRISS *v.* LENSKE ET UX

418 P. 2d 837

*Reuben G. Lenske,* Portland, argued the cause and
filed a brief in propria persona.

*James H. Clarke,* Portland, argued the cause for

respondent. With him on the brief were McColloch, Dezendorf & Spears, and John P. Bledsoe and James H. Clarke, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

The defendants Lenske, have appealed from an order of confirmation of a foreclosure sale of real property. The sheriff's return of sale was filed on October 7, 1965. Defendants' objections were not filed until October 19, 1965, 12 days after the filing of the return.

The pertinent subsections of ORS 23.490 provide:

"(1) The plaintiff in the writ of execution is entitled, on motion therefor, to have an order confirming the sale at any time after the expiration of 10 days from the date of filing the return of sale, unless the judgment debtor, or in case of his death, his representative, files with the clerk within 10 days after the return of the execution, his objections thereto.

"(2) If such objections are filed, the court or judge thereof shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it satisfactorily appears that there was substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court or judge shall disallow the motion, and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received of that date."

The question presented to the trial court and on appeal here is: Does the 10 day limitation for filing

objections specified in subsection (1) above, preclude the court from considering objections filed thereafter? We do not reach decision on this question. The objections filed were without merit in any event.

◼ The objections were: 1. The bid was too low in respect to the value of the property, and 2. That there were postponements of the sale by the sheriff. The objections made are patently not irregularities at all. The first one requires no comment. The bid was for the total amount of the judgment. As to the second objection, ORS 23.470 permits the sheriff to postpone the sale for sufficient cause. The record shows adequate cause.

◼ Inasmuch as neither objection has any merit, the timeliness of the filing was immaterial in the instant case.

◼ Following oral argument of this appeal, defendants filed a motion in which it was asserted that the sheriff's return of the writ of execution for the foreclosure sale was more than 60 days after the writ of execution was issued. Defendants' computation of time is wrong and the motion is without merit. Even if defendants were correct, however, there is no procedural basis for asserting what is in the nature of an assignment of error after the case has been submitted.

Affirmed.